UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

FRANK ALBARRAN,

                Plaintiff,

          -v-                                            9:24-CV-1077 (AJB/TWD)

NJ WIDELL,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

FRANK ALBARRAN
Plaintiff, Pro Se
24-R-0153
Gouverneur Correctional Facility
Scotch Settlement Road, P.O. Box 480
Gouverneur, NY 13642

HON. LETITIA JAMES                      CHI-HSIN E. ENGELHART, ESQ.
New York State Attorney General          Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

        On August 26, 2024, *pro se* plaintiff Frank Albarran ("plaintiff"), an individual formerly[1] in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Gouverneur Correctional Facility, filed this 42 U.S.C. § 1983 action alleging that corrections officers violated his civil rights while he was being housed at Riverview Correctional

---

[1] A DOCCS electronic records search using State identifier number "24-R-0153" indicates that plaintiff was released on parole supervision as of November 12, 2024. *See* https://nysdoccslookup.doccs.ny.gov/

Facility in St. Lawrence County, New York. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

Plaintiff initially filed this case in the U.S. District Court for the Eastern District of New York. However, because the allegations in the complaint occurred in St. Lawrence County, the presiding judge *sua sponte* ordered this matter transferred to the Northern District of New York, where it was assigned to U.S. District Judge Mae A. D'Agostino. Dkt. No. 5.

Judge D'Agostino conditionally granted plaintiff's IFP Application and, after an initial review of the complaint, determined that plaintiff's § 1983 Eighth Amendment excessive force claim required a response from defendant "N.J. Widell."[2] Dkt. No. 10. Thereafter, the matter was reassigned to this Court for all further proceedings. Dkt. No. 20.

On January 23, 2025, in lieu of an answer, defendant moved for summary judgment on plaintiff's § 1983 excessive force claim on the grounds that plaintiff had failed to exhaust his administrative remedies or, alternatively, for pre-answer dismissal because the complaint failed to state a plausible claim for relief. Dkt. No. 21.

Defendant served plaintiff with the motion at his last known address, Dkt. No. 21-12, and the Clerk of the Court served plaintiff with the Court's own notice of the consequences of failing to respond to a motion for summary judgment, Dkt. No. 22. However, mailings to plaintiff's last known address have repeatedly been returned as undeliverable, Dkt. Nos. 23, 24.

On May 5, 2025, Chief U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that defendant's motion for summary judgment be granted. Dkt. No. 25. As Judge Dancks explained, the available record established that plaintiff had failed to exhaust his available administrative remedies. *Id*.

---

[2] As Judge Dancks noted, defendant's given name appears to be "Ryan Wignall."

- 3 -

Plaintiff has not lodged objections. The time period in which to do so has expired. *See* Dkt. No. 25. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 25) is ACCEPTED;

2. Defendant's motion for summary judgment (Dkt. No. 21) is GRANTED; and

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: May 27, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge